IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

LUCAS CANTON SCHNEIDER,

        Plaintiff,

v.

ROBERT W. BRITT,

        Defendant.

Case No. 3:22-cv-00283-JMK

## ORDER OF DISMISSAL & NOTICE OF STRIKE

Lucas Canton Schneider, a self-represented prisoner, filed a civil rights complaint ("Complaint") against Robert W. Britt, former Special Agent in Charge of the Anchorage Field Office of the Federal Bureau of Investigation ("FBI") for alleged violations of the Freedom of Information Act (FOIA). The Court screened the Complaint, found it deficient, but granted leave to amend.[1] Plaintiff filed a First Amended Complaint, five motions, and a notice of appeal. The Court takes judicial notice[2] of the other lawsuits filed by Plaintiff.[3] The Court now screens the First Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A and addresses all pending motions.

---

[1] Docket 5.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); a court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[3] *See, e.g.*, *Schneider v. Winkelman,* Case No. 3:22-cv-276-JMK; *Schneider v. Winkelman, et al.,* Case No. 3:22-cv-284-JMK; *Schneider v. Ritzman, et al.,* Case No. 3:18-cv-090-RRB; *Schneider v. Dahlstrom, et al.,* Case No. 3:21-cv-170-RRB.

**DISCUSSION**

While the Court takes extensive measures to fairly facilitate self-represented litigation, a self-represented litigant is not excused from the rules that govern court proceedings.[4] Plaintiff is cautioned that he must carefully review and comply with this order. Should Plaintiff wish to appeal a decision of the Court, he should familiarize himself with the Federal Rules of Appellate Procedure, the Local Rules of the Ninth Circuit Court of Appeals[5], and the applicable caselaw.[6]

**I.     Plaintiff's First Amended Complaint**

Plaintiff originally brought this case under the Freedom of Information Act (FOIA).[7] Although he alluded to additional ongoing constitutional violations, Plaintiff claimed the "denial of [the requested] information is hindering [his] due process in state and federal litigation."[8] The Court dismissed the Complaint for failing to state a claim upon which relief can be granted, but provided Plaintiff with guidance and an opportunity to amend

---

[4] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (2012); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (establishing self-represented litigants are bound by the same procedural rules as represented parties).

[5] The most current version of the Federal Rules of Appellate Procedure, Ninth Circuit Rules and Circuit Advisory Committee Notes are available at https://www.ca9.uscourts.gov/rules/.

[6] *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (stating that where the complaint has been dismissed properly under Fed. R. Civ. P. 8, the court need not look at other alleged problems with dismissal); *SEC v. Mount Vernon Mem'l Park,* 664 F.2d 1358, 1361 (9th Cir. 1982) (district court's entry of final judgment renders pending appeal from preliminary injunction moot).

[7] *See* Docket 1.

[8] Docket 1 at 3.

Case No. 3:22-cv-00283-JMK, *Schneider v. Britt*
Order of Dismissal
Page 2 of 9
Case 3:22-cv-00283-JMK   Document 15   Filed 10/02/23   Page 2 of 9

his complaint.[9] However, upon review, Plaintiff's First Amended Complaint is procedurally and substantially flawed.

The First Amended Complaint includes 19 claims against Unknown Named Federal Agents, Unknown Named State of Alaska Officials, Gastineau Human Services Director Stephanie Carter, two Unknown Named Counselors, DOC Doctor Booth, the Alaska Parole Board, and two Public Defenders. As an initial matter, these improperly added defendants and claims should be dismissed as exceeding the scope of leave to amend.[10] Further, Courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious.[11] Plaintiff's extensive narrative describes conspiracy, medical experimentation, and torture are nearly identical to the allegations contained in his pending case *Schneider v. Winkelman, et al.,* Case No. 3:22-cv-284-JMK.

The Court has previously provided Plaintiff substantial guidance on nearly identical claims regarding access to medical care, cruel and unusual punishment, failure to protect, and access to court.[12] The Court has denied Plaintiff's motions for emergency injunctions, motions for change of judge, and motions including multiple requests. The Court

---

[9] Docket 5.

[10] *See, e.g., DeLeon v. Wells Fargo Bank, N.A.,* No. 10-cv-01390, 2010 WL 4285006 at *3 (N.D. Cal. Oct. 22, 2010) (collecting cases holding that "where leave to amend is given to cure deficiencies in certain specified claims, . . . new claims alleged for the first time in the amended pleading should be dismissed or stricken").

[11] *See, e.g., Cato*, 70 F.3d at 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims); *Adams v. Cal. Dep't of Health Servs.,* 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."), overruled in part on other grounds by *Taylor v. Sturgell,* 553 U.S. 880 (2008).

[12] *See Schneider v. Dahlstrom, et al.,* Case No. 3:21-cv-00170-RRB, Docket 10.

Case No. 3:22-cv-00283-JMK, *Schneider v. Britt*
Order of Dismissal
Page 3 of 9
Case 3:22-cv-00283-JMK   Document 15   Filed 10/02/23   Page 3 of 9

cautioned Plaintiff that any future filings must comply with all Court orders and the applicable rules of civil procedure.[13]

The First Amended Complaint fails to comply with the Court's orders, improperly exceeds the scope of amendment granted, and repeats claims previously brought in other cases. Because Plaintiff continues to demonstrate an inability to follow the applicable federal and local rules and the directions of this Court and fails to present viable claims for the Court's adjudication, the Court finds amendment would be futile.[14] Therefore, the First Amended Complaint is **DISMISSED** as frivolous. Consequently, the Court could simply dismiss all pending motions as moot. However, the Court acknowledges Plaintiff's assertion that he has been separated from his legal documents and accordingly provides Plaintiff with the information herein.

## II.    Plaintiff's Pending Motions

On June 21, 2023, Plaintiff filed a "Motion for Emergency Order/Change of Address" requesting more time to amend his complaint, a Court order requiring the prison to "deliver" his property, including his legal work, and judicial notice of "this exact behavior that lost [his] first case and gave [him] a strike."[15] On July 17, 2023, Plaintiff filed another motion for copies.[16] On September 26, 2023, Plaintiff filed a motion for a change of venue

---

[13] *Id.; see also Schneider v. Winkelman, et al.,* Case No. 3:22-cv-284-JMK, Docket 13.

[14] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts"); *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993) (a district court may on its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.).

[15] Docket 7 at 2.

[16] Docket 10.

Case No. 3:22-cv-00283-JMK, *Schneider v. Britt*
Order of Dismissal
Page 4 of 9
Case 3:22-cv-00283-JMK   Document 15   Filed 10/02/23   Page 4 of 9

and a notice of appeal.[17] Then, on September 27, 2023, Plaintiff filed a motion for injunctive relief and a motion to expedite consideration of his motion.[18]

### A. Expedited Consideration and Emergency Motions

A party may request expedited consideration of a motion.[19] However, the filing of such "emergency motions" is disfavored and properly confined to only limited circumstances.[20] A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities; and a part of the Court's responsibility is "to see that [its] resources are allocated in a way that promotes the interests of justice."[21] Accordingly, the Court cannot issue orders and rulings purely on the best timeline for a litigant.

Plaintiff's motion at Docket 7 fails to establish good cause for expedited consideration[22] and combines multiple requests for relief within one motion.[23] Nonetheless, in the interests of fundamental fairness, the Court, having reviewed and considered the filing, did not dismiss Plaintiff's case after the 30-day deadline had passed. Instead, the Court allowed Plaintiff to file his First Amended Complaint two months after it issued the Screening Order.[24] Similarly, the Court reviewed Plaintiff's motion at

---

[17] Dockets 11–12.

[18] Dockets 13–14.

[19] Local Civil Rule 7.3.

[20] *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193–94 (C.D. Cal. 1989)).

[21] *In re McDonald,* 489 U.S. 180, 184 (1989) (per curiam).

[22] *See* Local Civil Rules 5.1(f)(2) and 7.1(e).

[23] Plaintiff's additional requests for judicial notice and an injunction are both procedurally and substantively deficient, and the Court declines to consider them.

[24] Docket 5 (Screening Order issued 5/17/23); Docket 9 (First Amended Complaint filed 7/17/23).

Case No. 3:22-cv-00283-JMK, *Schneider v. Britt*
Order of Dismissal
Page 5 of 9
Case 3:22-cv-00283-JMK   Document 15   Filed 10/02/23   Page 5 of 9

Docket 12 and found no basis to expedite its rulings. Plaintiff has not established he would be irreparably prejudiced if the Court issued its Screening Order and resolved Plaintiff's motion in due course. Accordingly, Plaintiff's motions at Dockets 7 and 12 are **DENIED**. The Court cautions Plaintiff against labeling motions as "emergency motions" absent good cause and reminds Plaintiff that any future filings must comply with the orders of the Court and the applicable rules of civil procedure.

### B. Emergency Injunction and Imminent Danger

In Plaintiff's filings and in his motion for an injunction, Plaintiff claims to be in imminent danger. Plaintiff has not been precluded from proceeding without paying the filing fee and is not required to show he is "under imminent danger of serious physical injury" at this juncture.[25] Rather, to prevail on a motion for an emergency injunction, the moving party must show (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor, and (4) an injunction is in the public interest.[26]

The likelihood of success on the merits is the most important factor for a court to consider. Because this case is dismissed, Plaintiff will not prevail in this case. Further, the Court has previously ruled on almost identical emergency injunctions.[27] Even liberally construed, Plaintiff's allegations of conspiracy, corruption, and poisoning appear fanciful, exaggerated, and implausible. The Court is not required to accept as true conclusory

---

[25] 28 U.S.C. § 1915(g).

[26] *See Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. at 20).

[27] *See, e.g., Schneider v. Dahlstrom, et al.,* Case No. 3:21-cv-00170-RRB, Docket 10; *Schneider v. Winkelman, et al.,* Case No. 3:22-cv-284-JMK, Docket 13.

Case No. 3:22-cv-00283-JMK, *Schneider v. Britt*
Order of Dismissal
Page 6 of 9
Case 3:22-cv-00283-JMK Document 15 Filed 10/02/23 Page 6 of 9

allegations, unreasonable inferences, or unwarranted deductions of fact.[28] Additionally, Plaintiff's claims of immediate and irreparable harm are belied by his assertions that the alleged violations have been ongoing since 2014. The Court, again, finds no basis for such an extraordinary measure of relief. Therefore, Plaintiff's motion at Docket 13 is **DENIED.**

### C. Motion for Change of Venue

To determine if a transfer of venue is appropriate under 28 U.S.C. § 1404(a), courts apply a two-part test.[29] First, courts consider whether the case could have been brought in the proposed transferee district.[30] Second, if the case could have been brought in the transferee district, courts determine if the case should be moved to that forum "for convenience of parties and witnesses [and] in the interest of justice."[31]

Plaintiff does not indicate what venue he seeks this case to be transferred to, and his request stems from his desire for a different judge. Plaintiff challenges the timeliness of the Court's orders and claims the Court demonstrates bias by dismissing what he believes are cognizable claims. As the Court has previously explained, absent a showing of immediate and irreparable harm, there is no justification for bypassing the default schedule and the motions may be properly decided on a non-expedited basis.[32] Plaintiff is advised that the Court acts to resolve all pending cases and motions in the most efficient manner possible. Additionally, this case is dismissed for the reasons contained

---

[28] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

[29] *Ctr. For Biological Diversity v. McCarthy*, No. 14-cv-5138, 2015 WL 1535594, at *1 (N.D. Cal. Apr. 6, 2015) (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409 (9th Cir. 1985)).

[30] *Id.*

[31] *McCarthy*, 2015 WL 1535594, at *1.

[32] *Cardoza v. Bloomin' Brands, Inc.,* 141 F. Supp. 3d 1137 (D. Nev. 2015).

Case No. 3:22-cv-00283-JMK, *Schneider v. Britt*
Order of Dismissal
Page 7 of 9
Case 3:22-cv-00283-JMK   Document 15   Filed 10/02/23   Page 7 of 9

herein, so there is no operative complaint to transfer to another venue. Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Almost invariably, prior rulings may be grounds for appeal, but not for recusal.[33]

Plaintiff does not present proper grounds for recusal of the assigned judge, and a transfer of venue is not appropriate. Therefore, Plaintiff's motion at Docket 11 is **DENIED.**

### D. Request for Copies

Plaintiff filed a motion requesting copies of his filings.[34] Although he included this case number on his motion, he wrote "Winkelman, et al." in the case caption. The Court has previously provided Plaintiff with a courtesy copy of all documents filed in that case and advised Plaintiff he is responsible for keeping copies of everything filed with the Court.[35] Nonetheless, the Court acknowledges Plaintiff is in prison and has been transferred since the initiation of this case. Therefore, in the interests of fundamental fairness, the Court will grant the motion to the extent that the Court will direct the Clerk of Court to send Plaintiff one courtesy copy of the filings that have been docketed in this case and a copy of the Court's screening order in *Schneider v. Winkelman, et al.,* Case No. 3:22-cv-284-JMK at Docket 13. Should Plaintiff request copies of particular documents, filings, or orders in the future, Plaintiff is informed that the Clerk of Court charges 50 cents per page for reproducing any record or paper. Plaintiff is advised that he should keep a copy of any document he submits to the Court.

---

[33] *Liteky v. United States,* 510 U.S. 540, 556 (1994).

[34] Docket 10.

[35] *Schneider v. Winkelman, et al.,* Case No. 3:22-cv-284-JMK, Docket 13 at 14.

Case No. 3:22-cv-00283-JMK, *Schneider v. Britt*
Order of Dismissal
Page 8 of 9

**IT IS THEREFORE ORDERED**:

1. This action is **DISMISSED as frivolous;**

2. This dismissal counts as a strike under 28 U.S.C. § 1915(g);

3. Plaintiff's Motions at Docket 7 and 11-14 are **DENIED**;

4. Plaintiff's Motion at Docket 10 is **GRANTED;**

5. With this order, the Clerk of Court is directed to send one courtesy copy of the filings that have been docketed in this case and one copy of the Court's Screening Order in Case No. 3:22-cv-284-JMK at Docket 13;

6. The Clerk of Court shall issue a final judgment.

DATED this 2nd day of October, 2023 at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00283-JMK, *Schneider v. Britt*
Order of Dismissal
Page 9 of 9
Case 3:22-cv-00283-JMK   Document 15   Filed 10/02/23   Page 9 of 9